IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN E. KOLB, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| J.P. MORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant J.P. Morgan Chase Bank, N.A., more properly identified as JPMorgan Chase Bank, N.A., ("***Chase***") hereby gives notice of the removal of the state-court civil action described below on the basis of diversity jurisdiction. As grounds for the removal, Chase respectfully states the following:

### I. INTRODUCTION

1. On September 24, 2021, John E. Kolb ("***Plaintiff***") filed Plaintiff's Original Petition against Chase, numbered and styled as *John E. Kolb v. J.P. Morgan Chase Bank, N.A.*, Case No. 21-09-1136-CV, in the 267th Judicial District Court of Goliad County, Texas (the "***Complaint***").

2. In the Complaint, Plaintiff fails to allege the basis for the cause of action under which he seeks recovery. However, the nature of the allegations are that Plaintiff was allegedly the victim of fraud that resulted in several years of unauthorized charges on his Chase credit card in the amount of approximately $88,000.00, and Chase allegedly agreed to credit these charges to his account but failed to do so. *See* Complaint at ¶¶ 10-12. As a result, Plaintiff seeks damages, interest, attorneys' fees, costs and expenses through trial and appeal, and "for such

other and further relief to which Plaintiff may show himself justly entitled at law or in equity." *Id.* at ¶¶ 13-14, p. 4.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Chase are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

## II. Timeliness of removal

4. Chase was served with citation of Plaintiff's Complaint on September 28, 2021. Therefore, this notice of removal is timely.

## III. Basis for removal – Diversity jurisdiction

5. Removal is proper because this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

### A. Complete diversity exists.

6. Plaintiff is a citizen and resident of Goliad County, Texas.[1]

7. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association organized under the laws of the United States of America with its main office in Ohio. Therefore, Chase is a citizen of Ohio for purposes of diversity. See 28 U.S.C. § 1348 (stating that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.")

8. Accordingly, because Plaintiff is a citizen of Texas and Defendant is not a citizen of Texas, complete diversity of citizenship exists between the parties and removal is proper.

---

[1] *See* Complaint ¶ 3; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (stating that [f]or purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

**B.     The amount in controversy exceeds $75,000.00.**

9.     The notice of removal of a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10.     In his Complaint, Plaintiff alleges that there were $88,000.00 in unauthorized charges on his credit card and although Chase temporarily credits $52,000.00 of those $88,000.00 in charges, Chase subsequently reversed the credits and reinstated the charges. *See* Complaint at ¶¶ 11-12. Therefore, there are $88,000.00 in allegedly unauthorized charges in dispute in this matter. As Therefore, based upon Plaintiff's own allegations, the amount in controversy exceeds $75,000.00.

11.     While Plaintiff alleges that he "seeks monetary relief of $75,000 or less" in a jurisdictional paragraph (stating that "The damages sought are withing [sic] the jurisdictional limits of this Court") and his jurisdictional Rule 47 Notice alleges that he is seeking "monetary relief not to exceed $75,000," these allegations do not cause the amount in controversy to be reduced below the amount the allegations demonstrate is actually in controversy, which is over $88,000.00. *See* Complaint at ¶¶ 2, 6; *see also Chavez v. State Farm Lloyds*, 2016 WL 641634 (S.D. Tex. 2016) (J. Alvarez):

> Plaintiff claims that diversity jurisdiction is improper in this case because the amount in controversy has not been satisfied. In her state court petition, Plaintiff states that her damages are "less than $75,000.00."
>
> ***
>
> Finally, Plaintiff argues that her demand for less than $75,000 controls, even though, as she noted in her state court petition, Rule 47 of the Texas Rules of Civil Procedure "require[d] Plaintiff to plead monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fee."

\*\*\*

> As previously noted, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy; however, this request does not control when made in bad faith or when state practice does not permit demand for a specific sum. In Texas, the law does not permit a plaintiff to plead for a specific amount. Rather, Rule 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages. Contrary to Plaintiff's protestations, while it is true that Texas Rule of Civil Procedure 47 was amended "to require a more specific statement of the relief sought by a party," Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad faith." These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction." Thus, Plaintiff's specific sum does not control the Court's analysis.

*See also Randle v. Pilot Travel Centers LLC*, 2020 WL 2766133 (S.D. Tex. 2020) (J. Eskridge) ("Numerous cases hold that Texas law does not permit a plaintiff to plead that the damages sought will not exceed $75,000. Those cases also find such pleading to be a manipulation in bad faith to avoid federal jurisdiction. This is so because damages as initially alleged in a Texas state court petition in no way limit a plaintiff from later amending pleadings to seek additional damages.").

12. Even if these 'jurisdictional allegations could validly override the actual allegations in the Complaint, which they cannot, the amount in controversy still exceeds $75,000.

13. This holds true because Plaintiff states that he "seeks monetary relief of $75,000 or less **and non-monetary relief**." Complaint at ¶ 2. Since Plaintiff acknowledges he is seeking up to $75,000 in monetary relief, as long as the non-monetary relief has **any** value, the amount in controversy exceeds $75,000. While Plaintiff does not expressly state the nature of this non-

monetary relief, initially all relief has a non-zero value, otherwise it would not be sought. Moreover, to the extent the Complaint does address non-monetary relief, it appears to be compelling reversal/credit of charges for which he has not paid Chase and therefore does not require monetary reimbursement but instead non-monetary relief. Regardless of the distribution between monetary and non-monetary relief sought, it necessarily reaches at least $88,000.00.

14. Further, Paragraph 2 addresses the monetary and non-monetary relief in the context of 'damages.' Complaint at ¶ 2. In the Rule 47 Notice, Plaintiff identifies "monetary fees" in the $75,000 limitation, but noticeably absent is any reference to attorneys' fees. Yet, Plaintiff expressly requests recovery of its attorneys' fees and costs through trial and appeal. *Id*. at ¶ 14. This omission from the $75,000 limitation necessarily means that the amount-in-controversy, factoring in the non-zero attorneys' fees, exceeds $75,000.

15. Finally, in Plaintiff's "Wherefore clause", he seeks "such other and further relief to which Plaintiff may show himself justly entitled at law or in equity." Complaint at p. 4. As with the non-monetary relief sought, this additional relief necessarily has a non-zero value and therefore cause the amount in controversy to exceed $75,000.

16. Therefore, Plaintiff's attempt to avoid federal jurisdiction by alleging no more than $75,000.00 in monetary relief is being sought is improper and unavailing, as numerous Judges in this District and elsewhere have recognized. The amount in controversy is over $88,000.00, but even if the monetary relief were capped at $75,000.00, the amount in controversy would still exceed $75,000.00 and removal is proper.

## IV. VENUE

17.     Venue is proper in the United States District Court for the Southern District of Texas, Victoria Division, because this district and division includes Goliad County, Texas, the location where the state court action is currently pending.[2]

## V. ADDITIONAL REQUIREMENTS

18.     Written Notice of Removal will be provided to Plaintiff and filed with the District Court Clerk of Goliad County, Texas.

19.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Chase respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

20.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.[3]

21.     Plaintiff did not demand a jury trial in his Complaint.

For the above reasons, having satisfied the requirements for removal, Defendant gives notice that Case No. 21-09-1136-CV originally filed in the 267th Judicial District Court of Goliad County, Texas, has been removed to this Court.

---

[2] 28 U.S.C. § 124(b)(2).
[3] *See* 28 U.S.C. § 1446(a).

Respectfully submitted,

By: /s/Kathryn B. Davis
**GREGG D. STEVENS**
Texas State Bar No. 19182500
**MCGLINCHEY STAFFORD PLLC**
Three Energy Square
6688 N. Central Expressway, Ste. 400
Dallas, Texas 75206
Telephone: (214) 445.2445
Facsimile: (214) 445.2450
gstevens@mcglinchey.com

**KATHRYN B. DAVIS**
Texas State Bar No. 24050364
**MCGLINCHEY STAFFORD PLLC**
1001 McKinney Street, Suite 1500
Houston, Texas 77002
Telephone:  (713) 335-2136
Facsimile:  (713) 520-1025
kdavis@mcglinchey.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE AND NOTICE OF FILING

I certify that the foregoing Notice of Removal was sent to the District Clerk of Goliad County, Texas, and that written notice of filing of the Notice of Removal was served upon the attorney of record for Plaintiff.

/s/Kathryn B. Davis
**KATHRYN B. DAVIS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 27, 2021 , a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record, in accordance with Federal Rules of Civil Procedure, as follows:

*<u>Via U.S. Mail and E-Mail</u>*

John T. McDowell
McDowell Law Group, L.L.P.
jtm@houstontrialattorneys.com
603 Avondale Street
Houston, Texas 77006
***Attorney for Plaintiff***


    */s/ Kathryn B. Davis*
    **KATHRYN B. DAVIS**